JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:22-cv-04647-ODW (JPRx) | Date | August 25, 2022 |
|---|---|---|---|
| Title | *DeCheri Hafer v. Farmers Insurance Agency* | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | | |
|---|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings (In Chambers):**

On July 5, 2022, Plaintiff filed this action alleging Defendant fraudulently handled insurance claims stemming from a car accident between Plaintiff and Defendant's third party insured. (*See* Compl. 6, ECF No. 1.) Plaintiff also filed an application to proceed *in forma pauperis*. (Appl. ("IFP Request"), ECF No. 2.)

On July 21, 2022, the Court denied Plaintiff's IFP Request, stating that Plaintiff has not submitted enough information for the Court to tell if Plaintiff is able to pay the filing fees. (Order Den. IFP Req. ("Order") 1, ECF No. 8.) Specifically, the Court found inconsistencies with Plaintiff's IFP Request, which stated she had no vehicular assets, and Plaintiff's Complaint, wherein she alleges this action arose from Defendant's insured hitting her car. (*Id.*)

Moreover, the Court denied the IFP Request because it found that it lacks subject matter jurisdiction. (*Id.*) Although Plaintiff brought this action based on diversity jurisdiction, the Court found that Plaintiff's alleged $2 billion amount in controversy was "wholly unsubstantiated because Plaintiff's claims appear to be based on Defendant's improper conduct in handling the insurance claims stemming from Plaintiff's car accident with Defendant's insured but Plaintiff does not allege any specific damages (e.g., costs of auto repair, medical expenses)." (*Id.* at 2.) The Court also noted that the amount in controversy was inconsistent because in another part of Plaintiff's Complaint, she sought $7.8 million. (*Id.*) The Court therefore ordered Plaintiff to submit, within thirty days, declarations and other evidence to reconcile this discrepancy and substantiate Plaintiff's alleged amount in controversy. (*Id.*)

Thirty days has passed since the Court issued its Order and Plaintiff has not submitted any declarations or other evidence as the Court ordered. Instead, Plaintiff merely filed an Amended Complaint. (*See* First Am. Compl. ("FAC"), ECF No. 9.) The FAC appears to contain the same general information and allegations as that in the original Complaint, particularly with respect to the amount in controversy. In the FAC, Plaintiff again makes the conclusory assertion that the amount in controversy is $2 billion in damages caused by Defendant's insured, who caused the subject car accident. (FAC 1, 6.)

Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Chouduri* v. *Wells Fargo Bank, N.A.*, No. 15-cv-03608-VC, 2016 WL 3212454, at *3 (N.D. Cal. June 10, 2016) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)). Yet, making a claim in "good faith" means a plaintiff's "estimations of the amounts recoverable must be realistic" and objective, not based on "fanciful, pie-in-the-sky, or simply wishful amounts." *Id.* The court has an "independent obligation to examine its jurisdiction where doubts arise," and "would be remiss in its obligations if it accepted every claim of damages at face value . . . ." *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1231 (N.D. Cal. 2000) (internal quotation marks omitted). Even liberally construing a complaint, as a court must when a plaintiff is proceeding pro se, "the [c]ourt must still have some allegations from which it 'may infer a good faith basis for recovery of damages in such an amount.'" *Singman v. Amazon.com, Inc.*, No. CV 19-10882-AB (Ex), 2020 WL 4873569, at *4 (C.D. Cal. May 27, 2020) (quoting *Neat-N-Tidy Co. v. Tradepower (Holdings) Ltd.*, 777 F. Supp. 1153, 1156 (S.D.N.Y. 1991).).

Plaintiff's FAC includes only a bare figure, with no facts supporting the sought-after amount as realistic or recoverable. Such "bare unsupported assertions as to the amount in controversy will not satisfy the jurisdictional requirement." *Brown v. Bury*, No. 1:11-cv-01520-LJO-MJS, 2012 WL 112645, at *3 (E.D. Cal. Jan. 12, 2012); *see also Choudhuri*, 2016 WL 3212454, at *3 ("[Plaintiff's] bald assertion that the amount in controversy 'is approximately $1 million' is insufficient to establish that the amount in controversy actually exceeds the jurisdictional threshold."). The Court finds that Plaintiff's $2 billion amount in controversy is wholly unsubstantiated. Accordingly, the Court **DISMISSES** this case for lack of subject matter jurisdiction.

All dates and deadlines are **VACATED**. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
| Initials of Preparer | SE | |